UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: **HOLLY MARIE CRUZ**, aka | : | Chapter **13** |
| Holly M. Cruz, aka Holly Cruz, aka | : | Case No. **5:16-bk-03357** |
| Holly Marie Parr, aka Holly M. Parr, aka | : | |
| Holly Parr, | : | |
| Debtor, | : | |

**MOTION TO SELL REAL PROPERTY OF THE ESTATE:**
**4277 HAVEN COURT, WARRENTON, VA 20187**

AND NOW COMES, Debtor **HOLLY MARIE CRUZ** with **Motion to Sell Real Property of the Estate: 4277 Haven Court, Warrenton, VA 20187**, to April M. Parr, or such other purchaser that may present a better or higher offer, and in support thereof avers:

1. The Court has jurisdiction of the matter pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. On the date of the petition was filed there existed real property of the estate located at **4277 Haven Court, Warrenton, VA 20187** ("the Property").

3. Debtor's Schedule A indicates a gross value of $312,667 and liquidation value of $285,636.

4. Debtor paid $285,000 for the Property in 2011.

5. Debtor claimed an exemption in the Property of $11,038.85.

6. Debtor wishes to sell the Property for the sum of THREE HUNDRED TEN THOUSAND AND 00/100 ($310,000) DOLLARS, to April M. Parr, an insider, via private sale, and provides for a better or higher offer solely due the requirement of Court Approval and the potential need to resolve an Objection via sale to such better or higher bidder. A true and correct copy of the Residential Sales Contract is filed with this Motion as an Exhibit and incorporated herein by reference as if set out at length.

7. The Property was rented for the approximate amount of monthly mortgage payments, including real estate taxes and insurance, with payment made directly to Wells Fargo Bank but the lease expired.

8. The Property is required to be sold pursuant to Debtor's First Amended Chapter 13 Plan.

9. Due to the bankruptcy case Wells Fargo Bank, N.A., has inquired with regard to relief from the automatic stay to pursue foreclosure the Property (caused in part by a failure to properly credit postpetition payment, but also on account of the prepetition mortgage arrears not yet being paid via Debtor's First Amended Chapter 13 Plan.

10. Debtor visited the Property in May, consulted with a realtor and reviewed sales in the area of the Property, and, based upon a large number of larger and newer houses in the area of the Property for sale for between $300,000 and $400,000, determined that sale via a realtor would not benefit the Estate.

11. Debtor's consultations with a realtor reasonably lead Debtor to believe that the resulting commission from listing the Property with a realtor would eliminate any and all equity in the Property.

12. For these reasons, Debtor seeks to sell the Property to an insider, her daughter, for the approximate amount that a realtor recommended listing the Property. A true and correct copy of a current market analysis demonstrating a recommended list price between $299,000 and $355,00 with an anticipated sale between $303,000 and $330,000 is filed with this Motion as an Exhibit and incorporated herein by reference as if set out at length.

13. In addition to avoiding an anticipated $18,600 distribution of the proceeds to a realtor, sale to April M. Parr, may also reduce settlement fees and costs, most particularly for transfer taxes.

14. There are no Respondents to this Motion, as the Property is not being sold free and clear of liens, as only the mortgage, real estate taxes and potential municipal liens attach to the Property.

15. Debtor intends to satisfy any liens against the Property as one would outside of bankruptcy.

16. Debtor intends to file a Motion to Modify Plan after consummation of the sale to remove the payment of mortgage arrears with regard to the Property from the Plan, as the mortgage will be satisfied from the proceeds of the sale.

17. Debtor requests the Court to allow distribution of the proceeds from the sale of the real estate at settlement, pursuant to the priority of the United States Bankruptcy Court as follows:

   a. Any out-of-pocket expenses advanced by or on behalf of Debtor and/or any closing agent in connection with the sale of the aforementioned property, and which have not been reimbursed at the time of settlement; then to

   b. Any notarization, document preparation, mail or wire fees, and/or incidental recording fees associated with the sale of the above property; then to

   c. Any transfer tax which is the responsibility of the seller; then to

   d. Attorneys' fees related to the sale to Newman, Williams, Mishkin, Corveleyn, Wolfe & Fareri, LLC, in the amount of **$1,000**; then to

   e. The holders of any liens that attach to the Property to the extent of such liens (a mortgage, real estate taxes and potential municipal liens are the only contemplated liens); then

   f. Up to $20,098.00 to Charles J. DeHart, III, Esquire, Standing Chapter 13 Trustee, for distribution pursuant to Debtor's First Amended Chapter 13 Plan or subsequent Amended Chapter 13 Plan; then, if any funds remain;

   g. Up to $11,038.85 to Debtor on account of Debtor's exemption; then, if any funds remain;

   h. to Charles J. DeHart, III, Esquire, Standing Chapter 13 Trustee, for distribution to general unsecured creditors.

WHEREFORE, Debtor **HOLLY MARIE CRUZ** prays this Honorable Court for an Order that GRANTS this **Motion to Sell Real Property of the Estate: 4277 Haven Court, Warrenton, VA 20187**, and authorizes Debtor **HOLLY MARIE CRUZ** to sell said real property situated at **4277 Haven Court, Warrenton, VA 20187**, for the sum of THREE HUNDRED TEN THOUSAND AND 00/100 ($310,000) DOLLARS, to April M. Parr, or, in the alternative, if an Objection is filed the instant Motion, to such other purchaser that may present a better or higher offer via such Objection, and to authorizes Debtor to execute all papers and documents necessary to transfer her interest and that of the Estate in said real estate and to effectuate said sale, and for such other and further relief as the Honorable Court deems just and appropriate.

        **NEWMAN, WILLIAMS, MISHKIN,**
        **CORVELEYN, WOLFE & FARERI, P.C.**

By: /s/ Jason Zac Christman_____
**JASON ZAC CHRISTMAN, ESQUIRE**
Attorney for Debtor
Attorney ID No. 80009
P.O. Box 511, 712 Monroe Street
Stroudsburg, PA 18360
(570) 421-9090, fax (570) 424-9739
jchristman@newmanwilliams.com